IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARIA MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social Security<br>Administration,<br><br>    Defendant. | ORDER<br><br>Case No. 2:06-CV-00928DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff Maria Martinez's Motion for Attorney Fees under the Equal Access to Justice Act (EAJA).  *See* 28 U.S.C. § 2412(d)(1)(A).  Defendant Michael J. Astrue, Commissioner of the Social Security Administration (the Commissioner), filed a memorandum in opposition to Martinez's motion.  Martinez did not file a reply.  The court determined that oral argument would not significantly aid the decisional process.  Now, having carefully considered the memoranda and other materials submitted by the parties, as well as the law and facts relating to Martinez's motion, the court enters the following order.

BACKGROUND

In 2003, Martinez filed an application for supplemental security income with the Social

1

Security Administration (SSA).  The SSA denied Martinez's application both initially and upon reconsideration.  Martinez requested a hearing.  Following this hearing, the Administrative Law Judge (ALJ) determined at step five of the SSA regulations's sequential disability analysis that Martinez did not qualify for benefits.  The Appeals Council denied Martinez's request for review.

In November 2006, Martinez filed suit against Defendant in federal district court pursuant to 42 U.S.C. § 405(g).  *See* 42 U.S.C. § 405(g) (governing judicial review of final decisions of the Commissioner of Social Security Administration).  In November 2007, this court remanded on grounds that the ALJ committed legal error in finding that Martinez was not credible for failing to comply with prescribed treatment that the record showed she could not afford.  The court also remanded on the basis that the ALJ committed legal error in not properly defining the term "moderate" in determining Martinez's residual functional capacity (RFC).

As the prevailing party to her civil action, Martinez now moves for attorney fees under the EAJA.  *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993) (holding that a claimant is a prevailing party under the EAJA when the district court remands in accordance with sentence four of 42 U.S.C. § 405(g)).

**DISCUSSION**

Under the EAJA, "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  *Id*.  It is the government's burden to show that its position was substantially justified.

*See Hackett v. Barnhart*, 475 F.3d 1166, 1173 (10th Cir. 2007).  "The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation."  *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 2005).

"The test for substantial justification in this circuit is one of reasonableness in law and fact."  *Id*.  This means that "the government's position must be 'justified to a degree that could satisfy a reasonable person.'"  *Id*. (quoting  *Pierce v. Underwood*, 487 U.S. 552, 656 (1988)).  Although "[t]he government's success or failure on the merits . . . may be evidence of whether its position was substantially justified, . . . success or failure alone is not determinative of the issue."  *Id*.

Here, the Commissioner claims that his position was substantially justified because there is a difference between denying benefits for refusal to follow treatment and citing the efforts a claimant makes to relieve her symptoms in assessing the claimant's credibility.  The Commissioner also argues that even if it were technically improper to cite Martinez's noncompliance in its denial decision, such error was harmless because it was one of several factors the court considered in assessing Martinez's credibility.  Finally, the Commissioner suggests that the absence of any cited authority by Martinez demonstrates that it was not unreasonable for the ALJ to fail to define moderate.

Upon consideration, the court concludes that the Commissioner's position was not substantially justified.  In its November 2007 remand order, the court makes clear that the ALJ based its credibility decision on Martinez's failure to obtain treatment, despite evidence that Martinez could not afford such treatment.  The court also makes plain in its order that it is axiomatic in established regulations and case law that basing credibility decisions on a

3

claimant's failure to obtain treatment when the claimant cannot afford such treatment is prohibited. The ALJ's deviation in this case from well established law undermines its assertion that its position was reasonable in law. *See Washington v. Heckler*, 756 F.2d 959, 962 (10th Cir. 1985) ("When the government's legal position clearly offends established precedent, its position cannot be said to be substantially justified.").

## CONCLUSION

Martinez's Motion for Attorney Fees is GRANTED in the amount of $4,676.31.

DATED this 3rd day of July, 2008.

BY THE COURT:

*[signature: Dale A. Kimball]*

DALE A. KIMBALL

United States District Judge